**WO**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ryan A. Oneal, | No. CV-20-01732-PHX-SPL (MTM) |
| Plaintiff, | **ORDER** |
| v. | |
| Stephen Roberts, | |
| Defendant. | |

Before the Court is Defendant Roberts' Motion to Stay Proceedings (doc. 4), filed September 23, 2020. Defendant requests that this Court stay this action on the grounds that Plaintiff's excessive use of force claims in his civil proceeding are closely associated with an ongoing state court criminal proceeding. (*Id*. at 1). Plaintiff responded (doc. 5) opposing the motion on October 12, 2020, and Defendant replied (doc. 6) on October 19, 2020. For the reasons explained below, the Court grants the motion, and stays these proceedings pending resolution of Plaintiff's state court criminal proceeding.

## I.    Background.

This case is a civil rights action under 42 U.S.C. § 1983. Plaintiff alleges Defendant Roberts used excessive force in arresting Plaintiff by deploying a Taser into Plaintiff without justification. (Doc. 1, Ex. A at 8).

The events at issue took place on May 5, 2018. According to the Complaint originally filed in Maricopa County Superior Court, Plaintiff was crossing 32nd Street in

Phoenix when three City of Phoenix Police officers—including Defendant—approached him. (Doc. 1 at 6). Plaintiff states that upon seeing the officers, Plaintiff placed his hands on his knees, as he was "tired and dehydrated from being out in the sun." (*Id*). Plaintiff next alleges that Defendant deployed his Taser into Plaintiff, causing Plaintiff to fall on his face to the ground. (*Id*). Plaintiff also alleges that while on the ground but before he was handcuffed by police, Defendant shocked Plaintiff four additional times as a "pain compliance tool" even though Plaintiff offered no resistance to the officers. (*Id*. at 6-7).

Plaintiff was charged with two misdemeanors in Phoenix Municipal Court on November 9, 2018. Count One alleges Plaintiff recklessly interfered with the passage of a highway or public thoroughfare, in violation of A.R.S. § 13-2906(A). (Doc. 4, Ex. A at 10). Count Two alleges that Plaintiff intentionally prevented or attempted to prevent a police officer, acting under color of official authority, from effecting an arrest by using or threatening to use physical force, in violation of A.R.S. § 13-2508(A)(1) and A.R.S. § 13-604. (*Id*). The case was docketed as No. 5366107 in Phoenix Municipal Court.

Plaintiff filed an action in Maricopa County Superior Court on April 30, 2020. The state court complaint was served on Defendant on August 14, 2020. On September 3, 2020, Defendant removed the case to this Court under 28 U.S.C. § 1441(a) and LRCiv 3.6, as the state court civil complaint asserted a federal question under 42 U.S.C. § 1983.

## II.    Motion to Stay.

Defendant argues that this matter should be stayed under the abstention doctrine outlined in *Younger v. Harris*, 401 U.S. 37 (1971) and *Gilbertson v. Albright*, 381 F.3d 965 (9th Cir. 2004) (en banc). (Doc. 4 at 3). Defendant argues that the ongoing state proceeding is inextricably intertwined with the factual issues in this action, and that *Younger* counsels this Court to stay consideration of Plaintiff's Section 1983 claims until after the state criminal case has concluded. (*Id*. at 4).

Defendant also states in the Reply that staying this proceeding will not bar Plaintiff from seeking damages under Section 1983 after the state proceeding concludes, because the action was filed before the limitations period for Section 1983 claims in Arizona

expired, and because the stay does not impact the statute of limitations. (Doc. 6 at 3-4, citing *Wallace v. Kato*, 549 U.S. 384, 397 (2007); *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999)). Therefore, Defendant concludes, Plaintiff's interests will not be prejudiced by granting a stay of this action.

Plaintiff argues in response that the facts at issue in this case do not rely on the same factual basis as the criminal charges in the state court proceeding. (Doc. 5 at 3). Plaintiff states that, because the excessive force claim in this Court concerns the deployment of a Taser by Defendant after Plaintiff was already on the ground, the excessive force claim has no bearing on whether Plaintiff actually resisted arrest. (*Id*. at 4-5). Therefore, Plaintiff concludes, *Younger* abstention is inappropriate. (*Id*. at 6-7).

**III.    Principles of Law.**

Under *Younger* abstention, federal courts are generally required to abstain from hearing cases related to ongoing state court proceedings. *Younger* abstention applies to state criminal proceedings as well as state civil proceedings. *King v. Cnty. of Los Angeles*, 885 F.3d 548, 559 (9th Cir. 2018)(citing *Middlesex Cnty. Ethics. Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

*Younger* abstention applies when the state court proceeding is (1) ongoing; (2) implicates an important state interest, and (3) allows litigants to raise a federal challenge. *Citizens for Free Speech, LLC v. Cnty. of Alameda*, 953 F.3d 655, 657 (9th Cir. 2020)(citing *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014)). If these conditions are satisfied, a federal court may abstain under *Younger* if the federal action "would have the practical effect of enjoining the state proceedings." *Herrera v. City of Palmdale*, 918 F.3d 1037, 1044 (9th Cir. 2019)(internal citations omitted).

**IV.    Analysis.**

**A.    Ongoing State Proceeding.**

A stay of these proceedings until resolution of Plaintiff's state criminal proceeding is appropriate. The first of the three conditions outlined in *Citizens for Free Speech* is easily

1  satisfied; Plaintiff's criminal proceeding remains pending in state court while this action

2  remains pending in federal court. (*See* doc. 5 at 3).

3      **B.    Important State Interest.**

4      The second prerequisite for *Younger* abstention—that the state proceeding

5  implicates an important state interest—is satisfied as well. Plaintiff is accused of violating

6  two Arizona criminal statutes. Arizona has an important interest in administering its own

7  criminal justice system. *Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("[T]he States' interest

8  in administering their criminal justice systems free from federal interference is one of the

9  most powerful of the considerations that should influence a court granting equitable types

10  of relief") (citing *Younger*, 401 U.S. at 44-45); *see also Nichols v. Brown*, 945 F. Supp. 2d

11  1079, 1096 (C.D. Cal. 2013) ("Indeed, *Younger*, which involved abstention due to a

12  pending criminal proceeding, explicitly recognized that a state must be permitted to

13  'enforce ... laws against socially harmful conduct that the State believes in good faith to be

14  punishable under its laws and the Constitution.'") (citing *Younger*, 401 U.S. at 51-52). The

15  state proceeding in this case implicates an important state interest, satisfying the second

16  prerequisite for *Younger* abstention.

17      **C.    Opportunity to Raise Federal Claims.**

18      Finally, the third prerequisite for *Younger* abstention—that the state proceeding will

19  allow Plaintiff to raise his federal claims—is met. In Plaintiff's response to the state's

20  request for discovery in the state proceeding, Plaintiff states that he may raise an

21  affirmative defense of self-defense in response to Defendant's "use or attempted use of

22  unlawful physical force." (Doc. 4, Ex. A at 22). Arizona state law provides that resisting

23  arrest is lawful as a response to a police officer's use of excessive force. *See State v.*

24  *Matthews*, 428 P.3d 198, 203 (Ariz. Ct. App. 2018) (citing A.R.S. § 13-404(B)(2)).

25  Therefore, Plaintiff will have the opportunity to demonstrate Defendant used excessive

26  force in violation of Plaintiff's federal constitutional rights while arresting Plaintiff during

27  his state proceedings.

28  //

- 4 -

### D.    Effectively Enjoin State Proceedings.

The Court concludes adjudicating this action would have the practical effect of enjoining Plaintiff's state proceeding. Plaintiff's Complaint identifies at least two different instances when Tasers were allegedly deployed: Paragraph 24 states that Tasers were deployed before Plaintiff was on the ground, and Paragraph 24 states that Tasers were deployed after Plaintiff was on the ground. (*See* doc. 1 at 6).

As explained in Section IV(C), *supra*, it is a defense to resisting arrest under Arizona law if the criminal defendant is resisting a police officer's use of excessive force. *Matthews*, 428 P.3d at 203. Were this Court to rule in favor of Plaintiff, the ruling would have the practical effect of enjoining the state proceeding, because the Court would necessarily have to determine that Defendant's deployment of the Taser in the course of arresting Plaintiff constituted excessive force. Therefore, Plaintiff could argue in state court that Plaintiff cannot be convicted of a violation of A.R.S. 13-2508(A)(1), because, based on the ruling in this Court that Defendant used excessive force, Plaintiff was entitled to use physical force under A.R.S. § 13-404(B)(2). *Younger* abstention is appropriate here.

Plaintiff argues that the excessive force allegations in the federal action have "completely separate factual predicates" from the state crimes Plaintiff is accused of committing. (Doc. 5 at 5). However, Plaintiff's Complaint does not merely identify the deployment of the Taser once Plaintiff was on the ground as excessive. Count One of the Complaint alleges that "Defendant Roberts tasered Plaintiff in a manner that was not reasonable or justified under the circumstances." (*Id.* at 8). Count One does not distinguish between the two time periods when Tasers were deployed. Because Plaintiff also contests the allegation that he was in a "fighting stance" prior to the first deployment of the Taser by Defendant (*see* doc. 4 at 19; doc. 5 at 3), the Court concludes that the state court proceeding and this proceeding do not involve "completely separate factual predicates" as Plaintiff argues.

//

//

**V.      Conclusion.**

A stay of these proceedings, rather than outright dismissal, strikes the proper balance between federalism interests and Plaintiff's prerogative to choose his own forum to litigate disputes. *See Herrera*, 918 F.3d at 1042 ("To stay instead of to dismiss the federal action preserves the state's interests in its own procedures, the federal plaintiff's opportunity to seek compensation in the forum of his choice, and an appropriate balance of federal-state jurisdiction.") (citing *Gilbertson*, 381 F.3d at 984). Out of respect for the independence of state judicial proceedings, application of *Younger* abstention is appropriate in this case. Defendant's motion is granted.

**IT IS ORDERED:**

(1)      Defendant's Motion to Stay Proceedings (doc. 4) is **granted**.

(2)      This action is **stayed** pending resolution of City of Phoenix Municipal Court Case No. 5366107.

(3)      Defendant shall promptly notify this Court once Plaintiff's state court proceeding has concluded. Defendant's notification shall include the date the proceeding terminated and the ultimate disposition of the state court proceeding.

(4)      Defendant shall, no later than twenty-one (21) days after the conclusion of the state court proceeding, file a responsive pleading in this action. Should Defendant seek dismissal of this action under Rule 12(b), Defendant must comply with the requirements of Rule 12.1 of the Local Rules of Civil Procedure prior to filing a motion to dismiss.

Dated this 27th day of October, 2020.

Honorable Steven P. Logan
United States District Judge

- 6 -